

# THE ATTORNEY GENERAL

## OF TEXAS

**AUSTIN 11, TEXAS**

PRICE DANIEL
ATTORNEY GENERAL

September 15, 1949

Hon. D. C. Greer
State Highway Engineer
Texas Highway Department
Austin, Texas

Opinion No. V-903

Re: The authority of the
-Game, Fish & Oyster
Commission to refund
all royalty for sand
and mudshell paid by
contractor of the
Texas Highway Depart-
ment that was used on
construction of Fed-
eral aid highways.

Dear Mr. Greer:

Your request for an opinion of this office concern-
ing the above matter reads in part as follows:

"On June 24, 1949, the State Highway Com-
mission filed its application for refund of
royalties on sand and mudshell paid to the Game,
Fish & Oyster Commission through its contractors
engaged in construction of a public road, namely,
U. S. Highway #75, in the city of Houston. The
application was made in the manner prescribed and
on forms furnished to us by the Game, Fish and
Oyster Commission for the purpose of applying for
refunds of royalties under the authority of Arti-
cle 4053d, Revised Civil Statutes of Texas, . . .

"The Game, Fish & Oyster Commission, in a
letter to Mr. D. C. Greer, State Highway Engineer,
dated July 9, 1949, has questioned the right of
the State Highway Commission to the refund of all
royalty paid on the sand and mudshell used on this
project because U. S. Highway #75 is a 'Federal
Aid' Highway. . . .

"We would appreciate it if you will advise us
if in your opinion the State Highway Commission is
entitled to reimbursement of all of the royalty
paid to the Game, Fish & Oyster Commission on sand

and mudshell used by it in the construction
of U. S. Highway #75, in Houston, as applied
for."

The authority for the Game, Fish & Oyster Com-
mission to make the refund referred to in your letter and
the authority of the State Highway Commission to apply for
such refund can be found in Article 4053d, Vernon's Civil
Statutes, which provides as follows:

"The Game, Fish and Oyster Commissioner by
and with the approval of the Governor, may sell
the marl, gravel, sand, shell or mudshell in-
cluded within this Act, upon such terms and con-
ditions as he may deem proper, but for not less
than four (4¢) cents per ton, and payment there-
for shall be made to said Commissioner. The pro-
ceeds arising from such sale shall be transmitted
to the State Treasurer and be credited to a spe-
cial fund hereby created to be known as the sand,
gravel and shell fund of the State, and may be
expended by the said Commissioner in the enforce-
ment of the provisions of the sand, shell and
gravel laws and in the establishment and mainte-
nance of fish hatcheries, when provided by legis-
lative appropriation, and in the payment of re-
funds provided for in Section 7, Chapter 161 of
the General Laws of the Regular Session of the
Thirty-eighth Legislature, to counties, cities,
or towns or any political subdivision of a coun-
ty, city or town, as provided for in Section 7,
Chapter 161, of the General Laws of the Regular
Session of the Thirty-eighth Legislature. And
also providing that the authorization of refunds
on sand, gravel and shell shall be extended to
include refunds to the State Highway Commission
of money paid the State through the Game, Fish
and Oyster Commission for sand, gravel and shell
used by the State Highway Commission on public
roads upon application for such refunds in the
manner prescribed for cities and counties. . ."
(Emphasis added)

The underlined portion of the above quoted statute
was added by the Thirty-ninth Legislature in 1925 to allow
the State Highway Commission to apply for refund of moneys
paid for sand, gravel and shell used on public roads as had
theretofore been allowed only to counties, cities or towns

or political subdivisions thereof. The question presented in your inquiry is whether the State Highway Commission would be authorized to a refund of all royalty paid for sand and mudshell used on U. S. Highway No. 75, a Federal Aid Highway.

A Federal Aid Highway System is set up and designated as such by each State with the approval of the Commissioner of Public Roads. The Congress of the United States is authorized to appropriate funds to be apportioned among the various States, on a designated basis, to assist in the construction of highways in this designated system; (23 U.S. C.A.,Sec. 1-25). However, the State, through the Texas Highway Department, is charged with the responsibility of drawing the plans and specifications for the highways, with receiving competitive bids from authorized contractors, and obligates itself to pay to the successful bidder the entire amount of the contract. It is true that Federal funds may be allocated to the State to help defray the costs of such construction after the highway is entirely completed and if it is approved by the Federal agency, provided the State has not received all of the Federal funds apportioned to it. We do not believe that this of itself is a determining factor in answering your inquiry but it is pointed out as one factor which enters into our deliberations in reaching the conclusion set out herein. The funds which the State receives from the Federal Government are not earmarked for any particular project but are deposited in the State Highway Fund to be used for the specific purpose of the improvement of the State Highway System. This is apparent from reading Article 6674e, Vernon's Civil Statutes, which provides as follows:

"All moneys now or hereafter deposited in the State Treasury to credit of the 'State Highway Fund', including all Federal aid moneys deposited to the credit of said fund under the terms of the Federal Highway Act and all county aid moneys deposited to the credit of said fund under the terms of this Act shall be subject to appropriation for the specific purpose of improvement of said system of State Highways by the State Highway Department." (Emphasis added)

Your attention is also called to Article 6674d, Vernon's Civil Statutes, which provides, in part:

"All further improvement of said State
Highway System with Federal aid shall be made
under the exclusive and direct control of the
State Highway Department and with appropria-
tions made by the Legislature out of the State
Highway Fund.  The further improvement of said
system without Federal aid may be made by the
State Highway Department either with or with-
out county aid.  Surveys, plans, specifications
and estimates for all further improvement of
said system with Federal aid or with Federal
and State aid shall be made and prepared by the
State Highway Department.  No further improve-
ment of said system shall be made under the
direct control of the commissioners' court of
any county unless and until the plans and speci-
fications for said improvement have been approved
by the State Highway Engineer. . . . ."
(Emphasis added)

The Federal Government in appropriating funds to
the State for construction of Federal Aid Highway Systems
does not acquire any interest or title therein.  In other
words, the highway, even though it may be a portion of a
Federal Aid Highway System, is a part of the State Highway
System under the exclusive control and jurisdiction of the
Texas Highway Department.  The State owns the highway and
is alone responsible for the repair and upkeep of it in
the future.

We are of the opinion that U. S. Highway #75, as
a part of the State Highway System, is a public road, and
that the State Highway Commission is authorized to receive
a refund of all money paid the State for sand and mudshell
used in the construction of said highway.


SUMMARY

The State Highway Commission is entitled
to a refund of all money paid to the State,
through the Game, Fish & Oyster Commission, for
sand and mudshell used in the construction of
U. S. Highway #75.  (Art. 4053d, V.C.S.)

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _William S. Lott,_

William S. Lott
Assistant

WSL/rt

APPROVED:

_Joe R. Greenhill_

FIRST ASSISTANT
ATTORNEY GENERAL